THE STATE, EX REL. GEORGE E. MARTIN, v. MAHLON F. IVINS, COLLECTOR, &c.

1. When population is made the basis of classification, for the purpose of regulating the affairs of counties, the last official census is accepted as determining the amount of the population of the county to which the regulation is sought to be applied; and such census takes effect from the time of its promulgation by the secretary of state in accordance with the statutory provision relating thereto. *Gen. Stat.*, p. 366, § 10.

2. By the act passed May 9th, 1894, members of the boards of freeholders in counties having a population of not less than seventy-five thousand nor more than two hundred thousand, are entitled to receive an annual salary of $150. By a supplement to the act, passed March 25th, 1895, the annual salaries of members of such boards in counties having a population of over one hundred thousand are increased to $300. At the time of the passage of the supplement of 1895, the county of C. had a population of less than one hundred thousand, but subsequently, and by the state census promulgated by the secretary of state, on January 15th, 1896, its population was ascertained to be in excess of that number. *Held*, that members of the board of freeholders of that county were not entitled to the larger salary, provided by the supplement of 1895, until after the expiration of the year during which the increased population was officially ascertained, notwithstanding the fact that certain installments of their salaries did not become payable until after such ascertainment.

Application for *mandamus*.

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the application, *William J. Kraft* and *Schuyler C. Woodhull*.

*Contra, Henry S. Scovel.*

The opinion of the court was delivered by

GUMMERE, J.   The relator was elected a member of the board of chosen freeholders of Camden county, in April, 1895, under and by virtue of the provisions of an act of the legisla-

ture passed May 9th, 1894, and entitled "An act to organize
the board of chosen freeholders in each of the counties of this
state having within its territorial limits a population of not
less than seventy-five thousand inhabitants or more than two
hundred thousand inhabitants." *Gen. Stat.*, *p.* 427, § 108 *et
seq.* He was elected for a term of two years, commencing
on the 8th day of May, 1895.

By the third section of the act of 1894, each member of
every board of freeholders, elected under and by virtue of the
provisions of the act, was entitled to an annual salary of $150,
payable out of the county treasury by the county collector, in
equal quarterly installments.

On March 25th, 1895, a supplement to the act of 1894
was passed, amending its third section so as to entitle mem-
bers of boards of freeholders, elected under and by virtue of
the provisions of the act, to an annual salary of $300, pay-
able quarterly, with a proviso, however, that the supplement
should not apply to the board of chosen freeholders of any
county having a population of less than one hundred thou-
sand inhabitants. *Gen. Stat.*, *p.* 428, § 115.

It is not disputed that when the relator entered upon the
duties of his office, on May 8th, 1895, he was entitled only
to an annual salary of $150, Camden county at that time
having less than one hundred thousand inhabitants; but it is
claimed, on his behalf, that, by virtue of the provisions of the
supplement of 1895, he became entitled on August 8th, 1895,
and on each quarter-day thereafter, to be paid an increased
salary at the rate of $300 per annum, and he seeks, by this
proceeding, to compel the county collector to pay to him the
installments of his salary which accrued and fell due on the
8th days of August and November, 1895, and of February
and May, 1896, at the increased rate, the county collector
having refused to pay such installments except at the annual
rate of $150.

The ground upon which the relator bases his claim to be
paid his salary at the increased rate is that, by the state
census taken in the year 1895, the population of Camden

county was ascertained to be one hundred thousand one hundred and four, and that by the filing of such ascertainment in the office of the secretary of state on July 1st, 1895, the population became fixed, for the purposes of classification, at the number of inhabitants so ascertained.

It is true that when population is made the basis of classification for the purpose of regulating the affairs of counties, the last official census is accepted as determining the amount of the population of the county to which the regulation is sought to be applied; but such census takes effect not from the date of its filing in the office of the secretary of state, but from the time of its promulgation by that officer (*In re Sewer Assessment for Passaic*, 25 *Vroom* 156), which, in this case, was the 15th day of January, 1896, that being the day fixed for the purpose by statute. *Gen. Stat., p.* 366, § 10.

It is evident, therefore, that the relator had no valid claim to be paid the installments of his salary which fell due on the 8th days of August and November, 1895, at the rate of $300 per annum, for until January 15th, 1896, the population of Camden county, so far as those payments were concerned, was fixed by the official census which preceded that taken in 1895, and by that prior census it was less than one hundred thousand.

The question remains whether he is entitled to be paid at the higher rate those installments which fell due on the 8th of February and the 8th of May, 1896, they having become payable subsequent to the official promulgation of the census of 1895. It seems to me not, and for this reason: The salary provided by the statute is an *annual* one. Freeholders in counties having one hundred thousand inhabitants or more are entitled to an annual salary of $300; those in counties having less than that number of inhabitants are to receive an annual salary of $150. That such salary is payable in installments instead of in one payment does not alter the fact that it is an annual one, and that it must be either $150 or $300. But if the relator is to be paid at the lower rate for the first two quarters of the year and at the higher rate for

the last two, his annual salary is neither $150 nor $300, but $225. That he is not entitled to receive this latter amount is clear. He must be paid for the first year of his service, extending from May 8th, 1895, to May 8th, 1896, one of the two sums named in the statute. That he has no claim to be paid the larger amount does not seem to admit of doubt, for when the first installment of his salary became payable he was only entitled to receive the one-quarter of $150, for the reason already stated, and this was also the case when the second installment fell due. The subsequent increase in population could not operate to make those payments invalid and to give the relator the right to have an additional amount paid to him on account thereof.

It consequently follows that the salary of the relator for the year ending May 8th, 1896, was $150, and that his right to be paid the larger amount fixed by the act of March 25th, 1895, did not accrue until the second year of his term. This being so, the action of the county collector in refusing to pay him the amounts demanded was entirely proper, and the application for a *mandamus* should be refused.